IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| MICHAEL CLIFF ABSHIRE SR., | ) | CASE NO.1:20-CV-01530 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | MEMORANDUM OPINION AND |
| SECURITY. | ) | ORDER |
| | ) | |
| Defendant. | ) | |

## Introduction

Before me[1] is Michael Cliff Absire, Sr.'s action under 42 U.S.C. §405(g) and §1383(c)(3) seeking judicial review of the 2019 decision of the Commissioner of Social Security that denied Abshire's 2017 application for disability insurance benefits and supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative proceedings.[4] Pursuant to my initial[5] and procedural orders,[6] the

---

[1] The parties consented to my exercise of jurisdiction and the matter was then transferred to me by United States District Judge Solomon Oliver, Jr.
[2] ECF No. 1.
[3] ECF No. 11.
[4] ECF No. 12.
[5] ECF No. 6.
[6] ECF No. 13.

parties have briefed their positions[7] and filed supplemental fact sheets and charts.[8] They have met and conferred with the goal of reducing the matters at issue[9] and have participated in a telephonic oral argument.[10]

For the following reasons, the decision of the Commissioner will be reversed and the mater remanded for further proceedings.

**Facts**

The relevant facts are simply stated. Abshire, who was 44 years old at the time of the administrative hearing,[11] has a high school education and had past relevant work as an extruder-operator, a material handler, a general laborer, a short-order cook, a hand packager, a product assembler and as a quality assurance group leader.[12] He lives with his wife and children[13] and had only sporadic unsuccessful attempts at work following the alleged onset date in 2017.[14]

The ALJ found that Abshire has the following severe impairments:

Obesity, hypertension, congestive heart failure, sinus tachycardia, obstructive sleep apnea, asthma, tobacco abuse disorder, edema, migraine, depression and bi-polar disorder, anxiety and agoraphobia with panic disorders, and post-traumatic stress disorder.[15]

---

[7] ECF Nos. 17 (Abshire), 20 (Commissioner), 22 (Abshire reply).
[8] ECF Nos. 17, Attachments (Abshire),21 (Commissioner).
[9] ECF No. 23.
[10] ECF No. 26.
[11] Tr. at 24.
[12] *Id*.
[13] *Id*. at 23, 428.
[14] *Id*. at 17.
[15] *Id*. at 17-18.

He then determined that Abshire does not have an impairment or combination of impairments that meet or equal a listing.[16] In particular, the ALJ initially noted that no treating or examining source concluded that Abshire met or equaled a listing and observed that none of the state agency reviewing sources reached such a conclusion.[17] The ALJ then examined listings 3.03, 4.02, 4.04, 12.04, 12.06 and 12.15 and determined that Abshire met or equaled none of these listings.[18]

As to the opinion evidence, the ALJ found that the 2018 opinion of Robert Dallara, Jr., Ph.D., a consultative examiner,[19] was persuasive,[20] as was the 2017 opinion of Linda Hall, M.D.,[21] a state agency reviewer, although the ALJ noted that update records warranted further non-exertional restrictions.[22] Further, the ALJ found the 2018 opinions two state agency reviewing psychological consultants[23] were also persuasive.[24] The ALJ, however, found the functional opinion of Chantell Abshire, the claimant's wife, to be unpersuasive.[25] Similarly, he found the 2017[26] and 2018[27] opinions of Rakesh Ranjan,

---

[16] *Id*. at 18.
[17] *Id*.
[18] *Id*. at 18-19.
[19] *Id*. at 432-37.
[20] *Id*. at 22.
[21] *Id*. at 82-88.
[22] *Id*. at 23.
[23] *Id*. at 88-90, 141-43.
[24] *Id*. at 23.
[25] *Id*.
[26] *Id*. at 427-28.
[27] *Id*. at 516.

M.D., Abshire's treating psychiatrist, to be unpersuasive, as well as a June 2019 opinion[28] from a counselor and a supervising psychologist in the clinic where Abshire had been treated since 2016.[29]

On that record, the ALJ found that Abshire has the following RFC:

> Light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he can never climb ladders, ropes or scaffolds, but he can occasionally climb ramps or stairs. The claimant can frequently balance, stoop, kneel, crouch, and crawl. He must avoid concentrated exposure to extreme cold, extreme heat, humidity, loud noises, and fumes, odors, gases, and poor ventilation. He must avoid all exposure to hazards such as unprotected heights and moving mechanical parts. The claimant can perform simple, routine, and repetitive tasks, but cannot perform tasks at a production rate pace, such as assembly line work. The claimant can interact on an occasional basis with supervisors and a small group of familiar co-workers with no more than incidental interaction with the general public. He should be limited to superficial contact meaning no sales, arbitration, negotiation, conflict resolution, or confrontation. He can do no group, tandem or collaborative tasks, and no management, direction, or persuasion of others. The claimant can respond appropriately to occasional change in a routine work setting and any such changes should be easily explained and/or demonstrated prior to gradual implementation.[30]

After determining that Abshire could not do his past relevant work, and with the assistance of testimony from a vocational expert (VE), the ALJ found that Abshire could perform the jobs of ticket taker, garment sorter and folding machine operator, for which a significant number of positions exist nationally.[31]

Accordingly, Abshire was found not disabled.[32]

---

[28] *Id.* at 625-26.
[29] *Id.* at 23.
[30] *Id.* at 19-20.
[31] *Id.* at 24-25.
[32] *Id.* at 25.

**Analysis**

I note initially that this matter is adjudicated under the well-known substantial evidence standard, which need not be repeated here. Further, as to the opinion evidence, that evidence is evaluated under the rubric of whether such evidence is deemed persuasive.[33]

Abshire raises issues related to whether the ALJ correctly evaluated the evidence related to his severe impairments and whether he met Listing 12.06 for anxiety, and a question of whether the ALJ properly analyzed the opinions of the state agency medical reviewers and the opinions of Dr. Ranjan, Dr. Paris and Jason Davis – all affiliated with the Charak Center for Health and Wellness.

Because they are ultimately dispositive here, I initially address the matter of the ALJ's analysis of the opinion evidence. In that regard, I first consider the opinion of Dr. Ranjan, who treated Abshire from October 2016 until October 2017, giving his opinion in December 2017.[34] Although the regulations require that an ALJ consider factors such as the medical source's specialization and the length, frequency, purpose and extent of the treatment relationship,[35] the ALJ here made no mention of the fact that Dr. Ranjan is a psychiatrist who, along with the staff at Charak Center,[36] has seen Abshire monthly since

---

[33] 20 CFR §§ 404.1520c(a)-(c), 416.920c(a)-(c) (2017).
[34] Tr. at 427, 430. Dr. Ranjan has additional treatment notes after the date of his opinion, *i.e.*, March and January of 2018 and May of 2019.
[35] 20 CFR §§ 404.1520c(a)-(c), 416.920c(a)-(c) (2017).
[36] In this regard, that includes Dr. Matt Paris and Jason Davis, who signed a functional assessment in June 2019 that also was found unpersuasive. Tr. at 23.

October 2016.[37] Dr. Ranjan's opinion was found to be of "limited value" because it purportedly "did not describe specific functional limitations" and because there was "little in the treatment notes documenting such substantial social anxiety response."[38]

Similarly, the 2019 opinion signed by Dr. Paris and Mr. Davis was found to be "not persuasive."[39] Their functional opinion was that Abshire would be "unable to meet competitive standards in most areas, including concentration for long periods, working with others and keeping regular attendance," and that he would miss three days of work per week and be off-task fifty percent of the workday.[40] The ALJ found that the treatment notes do not support "such severe limitations," citing, in particular, notes showing that Abshire "demonstrated largely cooperative behavior, clear speech, fair judgment and intact cognition."[41]

On review, I find these reasons for finding these opinions had "limited value" or are "not persuasive" are not themselves supported by substantial evidence. Apart from the fact, already mentioned above, that Dr. Ranjan's credentials and long, frequent treatment relationship were not mentioned by the ALJ,[42] the ALJ's observation that Dr. Ranjan did not document a "substantial social anxiety response" by Abshire is contradicted by Dr.

---

[37] Tr. at 625.
[38] *Id*. at 23.
[39] *Id*.
[40] *Id*.
[41] *Id*.
[42] The ALJ did, however, note in passing that Dr. Paris and Jason Davis had "treated the claimant," (tr. at 23) without also addressing, as the regulations require, the length, frequency and extent of that treatment relationship.

Ranjan's observation in his December 2017 that Abshire's "social anxiety is exacerbated in work settings, which can lead to panic attacks and more anxiety. [Abshire] has held 27 temp jobs in the last 12 months due to these attacks and the onset of anxiety in social situations. [Abshire] left these jobs due to anxiety problems."[43]

Similarly, the ALJ's reason for finding the 2019 opinion of Dr. Paris and Jason Davis to be not persuasive was because treatment notes showing Abshire has "cooperative behavior, clear speech, fair judgment and intact cognition." Those notes, according to the ALJ, do not support the functional opinion that Abshire would miss about three days of work per month and be off-task fifty percent of the time.[44] Plainly, however, the fact that Abshire has cooperative behavior, clear speech, and intact cognition neither supports, refutes or relates to the fact that he also has PTSD, agoraphobia with panic attacks, and is bipolar, all of which manifest themselves in a limitation, described by Abshire's treating sources based on a lengthy treatment relationship, on Abshire's ability to maintain attention and concentration over an entire workday and throughout a normal workweek. Indeed, the ALJ's reasoning for finding this opinion to be not persuasive is itself not persuasive.

In short, the ALJ's treatment of these opinions is not supported by substantial evidence. Were these opinions found to be more persuasive, the current RFC and then the ultimate decision on disability may also lack the support of substantial evidence. Thus,

---

[43] Tr. at 428.
[44] Tr. at 23.

the matter needs to be remanded for a proper evaluation of these opinions according to the applicable regulations.

That said, I make no findings as to the other issues raised here but not addressed. Those may also be considered on remand without any specific direction as to resolution.

## Conclusion

For the reasons stated, the decision of the Commissioner here is reversed and the matter remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated: March 30, 2022

Signed by:
 s/William H. Baughman Jr.
United States Magistrate Judge